Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Michelle J. Weygand;<br><br>　　　　Plaintiff,<br><br>v.<br><br>Allstate Recovery Bureau, Inc.;<br>SIS Towing & Recovery LLC;<br>and SIS Recovery, LLC;<br><br>　　　　Defendants. | No.<br><br><br>**COMPLAINT**<br><br><br><br><br><br>(Jury Trial Demanded) |

**I. Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., and for state law claims of wrongful repossession, and conversion. Plaintiff seeks actual damages, statutory damages, and punitive damages, as well as reasonable attorney's fees and costs.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Tucson Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III. PARTIES

3. Plaintiff is a resident of Pima County, Arizona.
4. Plaintiff is a natural person who is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Allstate Recovery Bureau, Inc. ("Allstate") is an Arizona corporation.
7. Allstate is in engaged in a business the principal purpose of which is the enforcement of security interests, including the recovery and repossessing of motor vehicles.
8. For the purposes of this action, Allstate is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as it relates to 15 U.S.C. § 1692f(6).
9. Defendant SIS Towing & Recovery, LLC ("SIS Towing") is an Arizona limited liability company.
10. SIS Towing is in engaged in a business the principal purpose of which is the enforcement of security interests, including the recovery and repossessing of motor vehicles.
11. For the purposes of this action, SIS Towing is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as it relates to 15 U.S.C. §

1692f(6).

12. Defendant S.I.S. Recovery, LLC ("SIS Recovery") is an Arizona limited liability company.

13. SIS Recovery is in engaged in a business the principal purpose of which is the enforcement of security interests, including the recovery and repossessing of motor vehicles.

14. For the purposes of this action, SIS Recovery is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as it relates to 15 U.S.C. § 1692f(6).

15. Upon information and belief, SIS Recovery is a d.b.a. of SIS Towing. All references hereinafter to "SIS" refers to both SIS Towing & Recovery, LLC and S.I.S. Recovery, LLC.

16. Upon information and belief, and at all times relevant herein, SIS was an agent for Allstate, making Allstate liable for all of SIS's actions.

### IV.  Factual Allegations

17. Plaintiff purchased a 2007 Pontiac G6 for personal, family, or household purposes.

18. Plaintiff financed her purchase of the G6 through Santander Consumer USA, Inc.

19. On or about April 3, 2015, Defendants repossessed, or caused to be repossessed Plaintiff's G6 from her home in Oro Valley, Arizona.

20. At the time Defendants took Plaintiff's G6 from her, Plaintiff was not in default in her payments with Santander.

21. Upon discovering that her vehicle was missing, Plaintiff telephoned the Oro Valley Police Department to report a stolen vehicle.

|  |  |  |
|---|---|---|
| 1 | 22. | When she called the Police, she learned that SIS had reported to the Police that it had repossessed her vehicle. |
| 3 | 23. | Plaintiff called SIS and informed them that the repossession was illegal, in that she was current with her payments to Santander, and was not due for another payment until April 13, 2015. |
| 6 | 24. | Later that day, SIS returned the vehicle to Plaintiff's home. |
| 7 | 25. | As a result of Defendants' actions as outlined above, Plaintiff has suffered actual damages including, but not limited to, loss of wages, embarrassment, anxiety, worry, invasion of privacy, and other extreme emotional distress. |
| 11 | 26. | Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff' rights, and part of Defendants' persistent and routine practice of debt collection. |
| 14 | 27. | In the alternative, Defendants' actions were negligent. |

### V. Causes of Action

#### a. Fair Debt Collection Practices Act

28. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

29. Defendants violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692f(6).

30. As a direct result and proximate cause of Defendants actions in violation of the FDCPA, Plaintiff has suffered actual damages.

#### b. Conversion.

31. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

32. Defendants' taking possession of the vehicle from Plaintiff constitutes a wrongful interference with her ownership of the vehicle and is conversion.

33. As a result of Defendants' conversion of the vehicle, Plaintiff has suffered damages in an amount to be determined by this Court.

34. In converting the vehicle, Defendants acted with an evil mind, that is, intending to injure Plaintiff or consciously disregarding the substantial risk that its conduct would cause significant harm to Plaintiff.

35. Plaintiff is therefore entitled to recover both actual and punitive damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Actual damages under the FDCPA;

b) Statutory damages under the FDCPA;

c) Punitive damages in an amount to be determined at trial;

d) Costs and reasonable attorney's fees pursuant to the FDCPA; and

e) Such other relief as may be just and proper.

/ / /

/ / /

1

2      DATED    May 11, 2015   .

3

4                                    s/ Floyd W. Bybee
                                  Floyd W. Bybee, #012651
5                                 **BYBEE LAW CENTER, PLC**
                                  90 S. Kyrene Rd., Ste. 5
6                                 Chandler, AZ 85226-4687
                                  Office: (480) 756-8822
7                                 Fax: (480) 302-4186
                                  floyd@bybeelaw.com
8
                                  Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25